## Nill v. Vilsack, Appellant.

*Contracts—Sales—Parties—Failure of consideration — Title — Whiskey certificates—Duplicate certificates—Insolvency—Receivership—Notice—Instructions to jury.*

1. Where in an action to recover back money paid for certain barreled whiskey for which the plaintiff received invalid certificates, the case is for the jury and a verdict for the plaintiff will be sustained where there is a substantial dispute whether the brokerage firm with whom plaintiff dealt were the agents of the defendant in making the sale, or whether they were principals.

2. In such a case it is not error to permit the plaintiff to offer in evidence the record of the receivership of an insolvent distilling company which had originally issued the certificates, where it appeared that a large number of duplicate certificates were outstanding, in the hands of persons more or less innocent and claiming in different rights; that the whiskey, which was the subject of the controversy, was claimed by another to whom it was awarded by the auditor; and that the defendant had notice of the proceedings and presented his claim before the auditor, although he did not present any matter with respect to the whiskey in controversy.

3. In such a case it is proper for the court to instruct the jury that there was failure of title and that the plaintiff was entitled to recover the amount of his claim and interest, where it appeared that the other claimant of the same whiskey under duplicate certificates, had received the certificates held by her at a date prior to those held by the plaintiff, and had parted with her money on the faith of them prior to the time the defendant parted with his money for the certificates he received.

Argued Oct. 22, 1914.   Appeal, No. 187, Oct T., 1914, by William W. Vilsack, from judgment of C. P. Allegheny Co., April T., 1912, No. 2761, on verdict for plaintiff in case of Jacob P. Nill v. William W. Vilsack.   Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ.   Affirmed.

Assumpsit for damages by reason of failure of title of whiskey purchased from defendant.

SWEARINGEN, J., filed the following opinion:

This action was brought by Jacob P. Nill against William W. Vilsack to recover damages, which the plaintiff alleged he had sustained by reason of the failure of title to certain whiskey purchased by him from the defendant. The plaintiff claimed the amount he had paid the defendant for the whiskey, to wit: $1,816.64, with interest from the date of payment, to wit: December 17th, 1908. There was a verdict in favor of the plaintiff for $2,402.59, being the full amount of the claim and interest. The defendant made this motion for a new trial. His reasons therefor may be considered under three heads, viz:

1. The verdict was against the weight of the evidence.

2. The court erred in admitting evidence.

3. The court erred in taking from the jury the question of priority of whiskey certificates, as between those purchased by the plaintiff and those held by Esther Zugsmith, both such certificates representing the same barrels of whiskey.

1. As to the weight of the evidence. The case was one clearly for the jury. About December 15, 1906, the defendant purchased 100 barrels of whiskey from the Thomas Moore Distilling Company, for which he received certificates having serial numbers identifying the barrels; this whiskey was supposed to be in the bonded warehouse of the distillery and was not ready for use. In June, 1908, the defendant received 25 barrels upon the delivery of the certificates therefor. This left in his possession fifteen certificates each for 5 barrels, and together bearing serial numbers 25,600 to 25,674, inclusive. On December 17, 1908, the plaintiff purchased these 75 barrels of whiskey (still supposed to be in the bonded warehouse). He dealt with J. M. Seldon & Company, which was a firm engaged in the brokerage business at Pittsburgh, Pennsylvania. Hence, it was important to ascertain the real vendor, because if J. M. Seldon &

Company were principals, this action should have been against them.

The plaintiff contended that J. M. Seldon & Company were the agents of the defendant in making said sale to him, and he offered much more than a scintilla of evidence in support of his contention. On the other hand, the defendant contended that J. M. Seldon & Company were not his agents, that he sold the whiskey to them and that any purchase by the plaintiff was from them as principals. The defendant also offered much more than a scintilla of evidence in support of his contention. Thus, there was a decided conflict in the evidence, and, as before stated, the question was clearly for the jury to decide. It alone could determine the preponderance of the testimony. The court cannot now interfere with the verdict, unless it appear there was a plain disregard of duty on the part of the jury or there were indications of prejudice, partiality or misconduct; and none of these things do appear. The jury has decided that the plaintiff made his purchase from the defendant and we feel that we cannot disturb that finding.

2. We are not convinced there was error in the admission of evidence. The Thomas Moore Distilling Company was a corporation. It became hopelessly insolvent and a receiver was appointed by this court on July 25, 1910. A large number of duplicate certificates were outstanding, in the hands of persons more or less innocent and claiming in different rights. The whiskey, which is the subject of this controversy, was claimed by Esther Zugsmith as well as by this plaintiff, and it was awarded to her by the master and auditor; and his report was confirmed by the court. The plaintiff, at the trial, offered in evidence as undenied the following averment in the statement of demand:

"That the original certificates of the whiskey described in said certificates were issued on or about May 3d, 1906; that the said certificate representing the whiskey in question were delivered to Esther Zugsmith, for value, and

are at the present held by said Esther Zugsmith, who was the owner of said whiskey and who is entitled to the proceeds realized at the sale of the said whiskey in question."

This offer was admitted. It is now argued that said averment was denied in the affidavit of defense. A reconsideration of the case has confirmed us in the opinion that there was no such specific denial of said averment as is required by law and by the rules of court. We are satisfied no error was committed in this respect: First National Bank v. McBride, 230 Pa. 261; Sprissler v. McFetridge, 37 Pa. Superior Ct. 607.

The court also admitted in evidence, against the objection of the defendant, the record of the receivership of the Thomas Moore Distilling Company. His objection was that he was not concluded by any disposition there made of the whiskey in controversy, not having been a party to the proceedings. We do not think this objection was well taken. It is true the defendant was not named in the original proceedings. But the status of the property and the rights and obligations of all parties, with respect to the property, as against each other, were to be determined in those proceedings. Therefore, the order appointing a master and auditor provided that he should "hear and determine all matters at variance between the Thomas Moore Distilling Company, its creditors, stockholders, and the various persons, firms, companies or corporations, claiming title to the whiskey on storage in the bonded warehouse of the Thomas Moore Distilling Company, in order to determine the title and the rights of all parties in said whiskey." It follows that this receivership was in the nature of a proceeding in rem. All parties were concluded by the decree, whether actually notified or otherwise. Defendant had notice of the proceedings, and he presented his claims before the master and auditor, as appears by the record, though he did not present any matter with re-

spect to the whiskey in this controversy. We are of opinion that the said record was competent evidence.

3. The evidence before the master and auditor shows that the Thomas Moore Distilling Company gave its note to the order of Esther Zugsmith in the sum of $6,000, dated May 4, 1906, on which day she paid her money to the corporation, to wit: $5,877, the amount of the note less the discount, and that said note was then delivered to her, to which were attached as collateral, whiskey certificates Nos. 2659 to 2663, inclusive, each for 100 barrels and each dated May 3, 1906. The barrels mentioned in these certificates include the barrels mentioned in the certificates purchased by the plaintiff from the defendant. Thus, the certificates held by Mrs. Zugsmith were prior in date to those held by the plaintiff; and besides, what is more important and what is really controlling, she had parted with her money on the faith of them prior to the time the defendant parted with his money for the certificates he received. She, therefore, held the title to these barrels of whiskey, and the master accordingly awarded the same to her. When the defendant received the certificates, December 15, 1906, he took no title whatever as against Mrs. Zugsmith, consequently, no title passed to the plaintiff by the defendant's sale of the certificates to him. When the plaintiff demanded his whiskey, he was met with a refusal. Thus, there was a complete failure of title and the defendant's liability was fixed. In view of the foregoing we were obliged to instruct the jury that there was a failure of title and that the plaintiff was entitled to recover the amount of his claim and interest, if it was found that the sale to the plaintiff was made by the defendant; and the jury did so find. We felt that under the evidence we could not avoid giving the instruction of which complaint is made, and we are not convinced that there was any error in that behalf.

From the record of the receivership of the distilling company, it appears that the plaintiff presented his cer-

tificates, being those which are the subject of this controversy, before the master and auditor, and claimed payment thereof. Of course the distillery committed a fraud in issuing the certificates, which the plaintiff now holds, and it would be liable in damages therefor. Accordingly, it was held that the plaintiff was entitled to participate in the fund for distribution as a general creditor, and there was awarded to him his pro rata share, amounting to $119.26. No credit for this amount was given in this statement of demand, nor was there such a claim for credit in the affidavit of defense. Hence, this matter was overlooked at the trial, inadvertently of course. The evidence, however, is before us, and the verdict can be corrected by reducing it in said sum of $119.26 with interest from December 12th, 1913, the date of final confirmation of the report of the master and auditor.

The jury found a verdict for plaintiff for $2,402.59, which was subsequently reduced in the sum of $119.26, and judgment was entered on the reduced verdict. Defendant appealed.

*Errors assigned,* among others, were rulings on evidence and the charge to the jury.

*W. J. Brennen,* for appellant.

*Lawrence P. Monahan,* for appellee.

PER CURIAM, January 2, 1915:
The judgment is affirmed on the opinion of Judge SWEARINGEN refusing a new trial.